## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| John D. Batson, | Civil Action No.: 1:23-cv-17 |
| Plaintiff, | |
| v. | |
| Rausch Sturm LLP f/k/a Rausch Sturm Israel Enerson & Hornik, LLP, | **COMPLAINT** JURY |
| Defendant. | |

For this Complaint, the Plaintiff, John D. Batson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, John D. Batson ("Plaintiff"), is an adult individual residing in Bon Wier, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Rausch Sturm LLP f/k/a Rausch Sturm Israel Enerson & Hornik, LLP ("Rausch"), is a Wisconsin business entity with an address of 250 N. Sunnyslope Road, Suite

300, Brookfield, Wisconsin 53005, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.   The Debt**

6. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Rausch for collection, or Rausch was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.   Rausch Engages in Harassment and Abusive Tactics**

10. In or around March 2022, Rausch began calling Plaintiff in an attempt to collect the Debt allegedly owed by Plaintiff's deceased son, John C. Batson.

11. In or around April 2022, Plaintiff advised Rausch that his son passed away two years ago and requested that all communication with him cease.

12. Plaintiff received a collection letter from Rausch dated September 19, 2022 (the "Letter").

13. The Letter was addressed to Plaintiff's deceased son.

14. Rausch sent the Letter to Plaintiff's address in Bon Wier, TX.

15. Plaintiff's deceased son lived in Silsbee, TX.

16. Receipt of the Letter that was addressed to his deceased son caused Plaintiff a significant amount of emotional distress, especially since Plaintiff told Rausch that his son was deceased and to cease communicating with Plaintiff.

C. **Plaintiff Suffered Actual Damages**

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

18. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, fear and frustration.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

24. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

4. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 13, 2023

Respectfully submitted,

By */s/ Jody B. Burton*

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

4

E-mail: jburton@lemberglaw.com
Attorneys for Plaintiff